# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **VICTOR TEON LINDSEY, II,** | : | |
| Plaintiff, | : | **CIVIL ACTION NO. 1:09-1236** |
| v. | : | **(KANE, C.J.)** |
| | | **(MANNION, M.J.)** |
| **RICHARD H. LENNY, d/b/a** | : | |
| **THE HERSHEY COMPANY,** | | |
| | : | |
| Defendants | | |

---

| | | |
|---|---|---|
| **VICTOR TEON LINDSEY, II,** | : | |
| Plaintiff, | : | **CIVIL ACTION NO. 1:09-1348** |
| v. | : | **(KANE, C.J.)** |
| | | **(MANNION, M.J.)** |
| **RICHARD H. LENNY and** | : | |
| **THE HERSHEY COMPANY,** | | |
| | : | |
| Defendant | | |

## REPORT AND RECOMMENDATION[1]

On June 29, 2009, the plaintiff, incarcerated at the United States Penitentiary – Big Sandy, Kentucky, filed a civil action against a private individual doing business as a corporation, and there is no allegation that the

---

[1] For the convenience of the reader of this document in electronic format, hyperlinks to the court's record and to authority cited have been inserted. No endorsement of any provider of electronic resources is intended by the court's practice of using hyperlinks.

defendant acted in concert with any government entity. (Doc. No. 1.) In short, this action is neither a Section 1983 action (brought against state officers) nor a *Bivens* civil rights action (brought against federal officers). The Court also notes that this action appears to be identical with another civil action filed by the plaintiff against the same defendant, see Complaint, *Lindsey v. Richard H. Lenny and The Hershey Company*, Civ. A. No. 1:09-1348 (filed July 14, 2009) ; Order (July 20, 2009) (directing plaintiff to file an amended complaint, or otherwise face dismissal).  On August 25, 2009 this Court issued an order consolidating the two actions. (Doc. No. 8).  In that same order the plaintiff was directed to file an amended complaint.  On September 4, 2009 the plaintiff, by letter, requested a copy of the docket and requested additional time to file an amended complaint. (Doc. No. 9).  On September 9, 2009 this Court issued an order allowing the plaintiff until September 30, 2009 to file a FINAL amended complaint and that his failure to do so in the allotted time would result in a recommendation that this action be dismissed. (Doc. No. 10).  To date no amended complaint has been filed.

The time for filing of the amended complaint, including any enlargements of time, have long since passed. The Court has received no further correspondence from the plaintiff nor have we received any returned mail that

would indicate the plaintiff has not received the prior orders.

The plaintiff's failure to file an amended complaint constitutes a failure to prosecute this action and therefore this action is subject to dismissal pursuant to [Fed.R.Civ.P. 41(b)](), which states in pertinent part:

"If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it."

The Third Circuit has long held that Rule 41(b) does not prohibit the *sua sponte* dismissal of actions against a defendant.

> As was said in Link v. Wabash R.R., where the plaintiff argued that [F.R.C.P. 41(b)]() by negative implication prohibits involuntary dismissal except on motion by the defendant, no restriction on the district court's power should be implied: "The authority of a court to dismiss sua sponte for lack of prosecution has generally been considered an 'inherent power,' governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases."

[*Kenney v. Cal. Tanker Co.*, 381 F.2d 775, 777 (3d Cir. 1967)]() (quoting *Link v. Wabash R.R.. Co.*, 370 U.S. 626, 630-31 (1962)).

In the instant action, the court can not properly control its docket, move this action forward and properly protect the rights of all parties if the plaintiff fails to comply with orders issued by this court. Moreover, such conduct should not be condoned in light of the large prisoner dockets presently pending before the federal courts, all of which require prompt and thorough review.

3

Finally, since the plaintiff has failed to file an amended complaint and has made no contact with the court, these inactions justify dismissal of this action.

On the basis of the foregoing, **IT IS RECOMMENDED THAT:**

the instant action be **DISMISSED** pursuant to Fed.R.Civ.P. 41(b).


        s/ *Malachy E. Mannion*
        **MALACHY E. MANNION**
        **United States Magistrate Judge**

**Date: November 25, 2009**
O:\shared\REPORTS\2009 Reports\09-1236-01.wpd