IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| VICTOR TEON LINDSEY, II, : | |
| Plaintiff : | Civil Action No. 1:09-cv-1236 |
| v. : | (Chief Judge Kane) |
| : | |
| RICHARD H. LENNY d/b/a THE : | (Magistrate Judge Mannion) |
| HERSHEY COMPANY, : | |
| Defendant : | |

## MEMORANDUM

Before the Court is a report and recommendation ("R&R") from Magistrate Judge Malachy E. Mannion filed on November 25, 2009, and objections filed thereto. (Doc. Nos. 11, 13.) The R&R recommends that the case be dismissed for failure to prosecute the action under Federal Rule of Civil Procedure 41(b) due to Plaintiff's failure to file an amended complaint. (Id.) Plaintiff objects on the basis that he has a "very strong case." He also moves for appointment of counsel. For the reasons that follow, the R&R will be adopted, and the motion for appointment of counsel will be denied.

### I. BACKGROUND

On June 29, 2009, Plaintiff Victor Teon Lindsey, II, filed a complaint alleging that he received food poisoning from Reese's Peanut Butter Cup candies he purchased in a prison vending machine. (Doc. No. 1.) The complaint also alleges that Plaintiff contacted Defendant "Richard H. Lenny d/b/a the Hershey Company" to exhaust his private administrative remedies. As a result of Defendant's failure to respond to these requests and affidavits, Plaintiff avers that Defendant defaulted and entered into a contract to pay him $5 million for his injuries. A second document containing the same allegations, titled "complaint," but docketed "amended complaint" was received the following day. (Doc. No. 4.) Two weeks later, a third complaint

1

containing the same allegations was filed, but was given a separate case number. (Case No. 09-1348, Doc. No. 1.) Although Plaintiff's claims were originally docketed in two separate proceedings, Case Numbers 09-1236 and 09-1348, the cases were consolidated on August 25, 2009, when Plaintiff indicated that all filings were intended to support the same case. (Doc. No. 8.) In conjunction with consolidating the cases, Magistrate Judge Mannion directed Plaintiff to file an amended complaint on or before September 18, 2009. (Doc. No. 8.) On September 4, 2009, Plaintiff wrote to the Court requesting a copy of the docket sheet and seeking an extension of time to respond the Court's Order in light of a pending prison transfer. (Doc. No. 9.) By Order dated September 4, 2009, Magistrate Judge Mannion reiterated that Plaintiff must file an amended complaint in compliance with his Orders, but extended the deadline for doing so until September 30, 2009. (Doc. No. 10.) Plaintiff did not file an amended complaint. On November 25, 2009, two months after the extended deadline, Magistrate Judge Mannion issued an R&R suggesting that the case be dismissed for failure to comply with Court Orders. (Doc. No. 11.) A copy of the R&R was sent to Plaintiff at USP Big Sandy, although at or about that time, he was transferred to USP Florence. Noting the possibility that Plaintiff had not received the R&R, on January 13, 2010, the Court ordered that a copy of the R&R be sent to Plaintiff at USP Florence and extended Plaintiff's deadline for filing objections to the R&R to January 21, 2010. (Doc. No. 12.)

On January 26, 2010, the Court received a document dated January 19, 2010, which indicates that Plaintiff does not agree with dismissal of his claim. (Doc. No. 13.) Plaintiff's filing does not meet the requirements of an amended complaint, nor does it contain allegations that would cure the deficiencies in the complaint(s) enumerated by Magistrate Judge Mannion in the

R&R and prior Orders. Though Plaintiff does not indicate the particular section of the R&R with which he disagrees, the Court favorably interprets his filing to be an objection to the R&R. Plaintiff's filing also requests that he be appointed an attorney because he has "a very strong case" and has been placed in a special housing unit without adequate access to a law library. (Doc. No. 13 at 3.)

## II.     STANDARD OF REVIEW

Although Plaintiff initially failed to object to the R&R in a timely fashion, he avers that he did not receive the first mailing of the R&R. Because he timely responded to the R&R when sent to his current address, the Court interprets his recent filing as an objection to the R&R. When a party objects to an R&R, this Court must "make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b); M.D. Pa. L.R. 72.3.  Accordingly, the Court will review the R&R *de novo* and will independently consider Plaintiff's request for an attorney.

## III.    DISCUSSION

### A.      Objections to the Report and Recommendation

The report recommended dismissing the case pursuant to Federal Rule of Civil Procedure 41(b) because Plaintiff was directed to file an amended complaint on or before September 30, 2009, but failed to do so. (Doc. No. 11 at 2.) This failure was after the deadline had already been extended to September 30, 2009 at Plaintiff's request. (Doc. No. 10.) At this date, four months after the deadline has passed, Plaintiff has still failed to file an amended complaint as directed. To determine whether dismissal is warranted in this case, the Court will consider the factors articulated by the Third Circuit Court of Appeals in Poulis v. State Farm Fire and Cas. Co., 747

3

F.2d 863, 868 (3d Cir. 1984) and Emerson v. Thiel College, 296 F.3d 184, 190 (3d Cir. 2002) (reviewing a district court's dismissal for failure to prosecute in consideration of the Poulis factors). The factors to balance are:

> (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense.

Emerson, 296 F.3d at 190 (citing Poulis, 747 F.2d at 868).

In this case, Plaintiff is representing himself *pro se*, thus there is no attorney or other party to blame for Plaintiff's failure to timely follow Court Orders. Although Plaintiff argues in his most recent filing that he does not "have the proper law to win this case," which the Court interprets to mean adequate access to a law library, such access is not necessary to comply with the Court Orders directing him to amend his complaint. The August 25, 2009 Order and September 9, 2009 Order state that an amended complaint is necessary due to the consolidation of the cases and the multiple documents Plaintiff had labeled "complaint." The Orders also require Plaintiff to follow the Federal Rules of Civil Procedure by indicating precisely who he intends to be named Defendants, what he alleges Defendants did wrong, what law or rights he alleges were violated, and a reasonable assessment of his damages, in separate numbered paragraphs. Extensive legal knowledge or research is not required for compliance with this directive; Plaintiff is solely responsible for his failure to comply. The first factor weighs in favor of dismissal.

In consideration of the second factor, it could be argued that the adversary has not yet

been served, and thus the prejudice to Defendant is minimal. However, were the Court to serve the complaint in its current condition on Defendant, without a statement of jurisdiction, without complying with Federal Rule of Civil Procedure 8 or 10, and without providing any basis from which it could be determined that Plaintiff's prayer for relief meets the minimum jurisdictional requirement of $75,000, let alone the $5 million requested, Defendant would be prejudiced by the costs and time in responding to such a complaint. Moreover, Plaintiff has essentially already filed three complaints with the Court. Without Plaintiff filing an amended complaint, it is unclear which filing the Court would serve on Defendant. This factor weighs in favor of dismissal.

The third factor asks the Court to consider Plaintiff's history of delay before the Court. In this case, Plaintiff did not have a history of dilatoriness prior to his failure to comply with the two Orders to file an amended complaint. Although his objection to the report and recommendation is over a month and a half past the initial deadline for such filing, Plaintiff's filing indicates that he did not, in fact, receive the initial R&R. Moreover, though his filing was not received by the Court until January 26, 2010, it was dated January 19, 2010, and therefore will be deemed timely.[1] Plaintiff's only delay in this case has been in responding to the Court Orders to file an amended complaint. Yet, this delay is not insignificant. Plaintiff has failed to file an amended complaint for over three months, despite Magistrate Judge Mannion's direct orders to do so and his review of an R&R recommending dismissal on that basis. Indeed, Plaintiff was expressly warned that a failure to comply with the Orders to file an amended

---

[1] Because Plaintiff is an incarcerated *pro se* Plaintiff, the Court finds that his filing is timely pursuant to the prison mail rule. Houston v. Lack, 487 U.S. 266 (1988) (holding that *pro se* prisoner filings are deemed filed at the time they are delivered to prison authorities for forwarding).

complaint would result in a recommendation of dismissal. (Doc. No. 8 at 5.) This factors weighs marginally in favor of dismissal.

Turning to the fourth factor, the Court must consider whether Plaintiff has acted willfully or in bad faith. Plaintiff's demand for $5 million dollars, clearly excessive given the limited allegations of food poisoning in the complaint, indicates some bad faith on Plaintiff's part. In terms of willfulness, Plaintiff has demonstrated his ability to make timely filings in the past, and there is no reason to believe that his failure to timely file an amended complaint after four months is accidental. In fact, Plaintiff's recent filing affirms that he received the September 9 Order directing him, again, to file an amended complaint, therefore his noncompliance cannot be justified by a failure to receive Court documents. (Doc. No. 13 ¶ 3.) Despite receiving the R&R stating that dismissal is warranted in light of his failure to amend the complaint, Plaintiff persists in not filing an amended complaint. Plaintiff's objections to the R&R make no mention of any intention to comply with the Order to file an amended complaint. Accordingly, the Court finds Plaintiff's failure to comply with Magistrate Judge Mannion's Order willful. This factor weighs in favor of dismissal.

The Court next considers the fifth factor: effectiveness of other sanctions upon Plaintiff. Monetary sanctions are unlikely to be efficacious given that Plaintiff is currently incarcerated. Additionally, the filing of an amended complaint is necessary in order for the case to proceed and there is no other sanction to bring about Plaintiff's compliance with the Court's Order. This factor weighs in favor of dismissal.

Last, the Court finds that Plaintiff is unlikely to succeed on the merits of his claims. Plaintiff argues that Defendant breached a contract with him, violated his due process rights, and

tortiously caused him harm by selling poisoned candy. (Doc. Nos. 1, 4.) The contract claim apparently stems from Plaintiff's attempt to pursue "private administrative remedies" with Defendant. Plaintiff implies that Defendant's failure to respond to his stipulations and to his demand for $5 million constitutes an agreement to pay him that sum. From the documents submitted, however, it does not appear that Defendant accepted any agreement or that a contract was formed. Plaintiff's allegation that Defendant violated his right to due process is equally flawed. Plaintiff alleges no facts to support a due process violation. (Doc. No. 1 at 3.)

Plaintiff's tort claim, though non-frivolous, also does not appear likely to succeed on the merits without Plaintiff filing an amended complaint. Plaintiff's complaint alleges a mere three sentences in support of his claim. He states that he purchased Reese's Peanut Butter Cup candies on three occasions, December 15, 2008, January 5, 2009, and January 12, 2009, from Oakdale Federal Correctional institution. (Doc. No. 4 at 1.) He alleges that he ate the candy, and that he subsequently "received very bad stomach pains, [] abdominal pain, cramps, spasms, fever, [] lots of vomiting, . . . hurting kidney pain and unbelievable pain." (Id. 1-2.) Plaintiff provides no additional facts regarding the alleged food poisoning or to suggest that his damages exceed the amount in controversy requirement. He has not alleged facts to support a finding that the chocolate contained an element deleterious to his health, that Defendant acted negligently in producing or selling the product, or that the chocolate was the proximate cause of his injury. He also articulates the defendant as "Richard H. Lenny d/b/a The Hershey Company," making it unclear whether he intends to bring suit against Richard Lenny personally or the Hershey Company, or both. Though the tort claim is colorable, the Court finds that when that likelihood is balanced against the other Poulis factors and Plaintiff's failure to comply with Court Orders,

7

dismissal is warranted in this case.

### B. Motion to Appoint Counsel

Plaintiff's most recent filing also asks the Court to "grant him a[n] attorney, so under the laws of the United States of America Plaintiff can have a fair trial." (Doc. No. 13 at 3.) While a Plaintiff does not have a statutory or constitutional right to an attorney in civil litigation, a district court does have discretionary authority to "request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1). Before appointing an attorney, however, "the district court must consider as a threshold matter the merits of the plaintiff's claim." Tabron v. Grace, 6 F.3d 147, 155 (3d Cir.1993). As stated above, the Court has determined that Plaintiff's claims must be dismissed for failure to comply with Court Orders. Accordingly, appointment of counsel is unnecessary at this point as the claim no longer has any arguable merit. Plaintiff's motion for appointment of counsel will be denied.

## IV. CONCLUSION

Upon consideration of Magistrate Judge Mannion's R&R, Plaintiff's objections filed thereto, the factors articulated by the Third Circuit Court of Appeals in Poulis, and Plaintiff's failure to comply with Court Orders directing him to file an amended complaint, the R&R will be adopted and Plaintiff's claims will be dismissed. Plaintiff's motion for appointment of counsel will also be denied.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| VICTOR TEON LINDSEY, II,<br>    Plaintiff | :<br>:  Civil Action No. 1:09-cv-1236 |
| v. | :  (Chief Judge Kane)<br>: |
| RICHARD H. LENNY d/b/a THE<br>HERSHEY COMPANY,<br>    Defendant | :  (Magistrate Judge Mannion)<br>:<br>: |

## ORDER

**AND NOW**, this 2nd day of February 2010, upon consideration of the report and recommendation (Doc. No. 11) and objections filed thereto (Doc. No. 13), **IT IS HEREBY ORDERED** that:

    1) Magistrate Judge Mannion's report and recommendation (Doc. No. 11) is **adopted**, with the inclusion of the foregoing reasoning;

    2) Plaintiff's case is **dismissed** for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

    3) Plaintiff's motion for appointment of counsel is **denied.**

    4) The Clerk of Court is directed to close the case.

      S/ Yvette Kane
    Yvette Kane, Chief Judge
    United State District Court
    Middle District of Pennsylvania